UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE (K.H.),<br><br>    Plaintiff,<br><br>v.<br><br>R-ROOF VI LLC d/b/a RED ROOF INN, et al.,<br><br>    Defendants. | Case No. 23-cv-11422<br><br>Honorable Robert J. White |

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**

Before the Court is K.H.'s motion to alter or amend the January 15, 2025 judgment dismissing the amended complaint. (ECF Nos. 32-33). The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(h)(3).

At the outset, K.H. fails to demonstrate "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice" that would alter the Court's prior decision. *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quotation omitted). So altering or amending the judgment is unwarranted.

K.H. insists, however, that the Court should grant her leave to amend the complaint a second time because her proposed amendments are not futile. (ECF No. 33, PageID.487-88, 493-94; ECF No. 33-2, PageID.570-645).  The Court disagrees.

The proposed second amended complaint suffers from the same defects as the first amended complaint, namely: (1) it fails to allege, or raise a plausible inference, that Red Roof Inn, the affiliated entities, or Ann Arbor Hospitality possessed actual knowledge of K.H.'s trafficking, which is necessary to hold them liable as sex trafficking perpetrators under 18 U.S.C. § 1595(a); (2) it fails to plausibly demonstrate that Red Roof Inn, the affiliated entities, or Ann Arbor Hospitality knew or should have known that K.H.'s traffickers' venture violated 18 U.S.C. § 1591(a), which is required to hold them liable as direct beneficiaries of sex trafficking; and (3) it fails to show that Red Roof Inn and the affiliated entities are indirect beneficiaries of sex trafficking since there are no plausible allegations that Ann Arbor Hospitality is itself a sex trafficking perpetrator or direct beneficiary. Accordingly,

IT IS ORDERED that K.H.'s motion to alter or amend the judgment (ECF No. 33) is denied.

3

Dated: March 31, 2025       s/ Robert J. White
Detroit, Michigan            Robert J. White
                                     United States District Judge